UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **COLUMBIA RIVERKEEPER**, | Case No. 2:20-cv-02256-HL |
| Plaintiff, | **CONSENT DECREE** |
| v. | |
| **PERENNIAL POWER HOLDINGS, INC.;** and **PERENNIAL-WINDCHASER, LLC**, | |
| Defendants. | |

I.  STIPULATIONS.

Defendants Perennial Power Holdings, Inc. and Perennial-WindChaser, LLC (collectively "Perennial") own property located at approximately: 45°48'09.06" N, 119°21'52.26" W ("Site").

Perennial intended to develop the Perennial Wind Chaser Station, a gas-fired combustion turbine generator facility that would have been constructed at the Site adjacent to Perennial's

Hermiston Generating Station in Hermiston, Oregon. The Oregon Energy Facility Siting Council ("EFSC") issued Perennial a Site Certificate for the Perennial Wind Chaser Station on September 18, 2015, which was amended on November 22, 2019, (as amended, "Site Certificate"). The Site Certificate required that construction, as that term is defined by Oregon law, Or. Rev. Stat. § 469.300(6), begin by September 23, 2020.

On or about September 20, 2020, Perennial started work to construct an access road and bridge on the Site. The Oregon Department of Energy ("ODOE") and Perennial refer to the access road and bridge project as "Phase I" of facility construction. Perennial completed Phase I of construction at the Site but has not commenced Phase II.

Plaintiff Columbia Riverkeeper ("Riverkeeper") issued a notice of intent to sue letter dated October 20, 2020, and filed a complaint on December 28, 2020, under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, alleging that Perennial is violating section 301(a) of the CWA, 33 U.S.C. § 1311(a), by discharging stormwater associated with construction activities from a point source(s) at the Site into waters of the United States without a National Pollutant Discharge Elimination System ("NPDES") permit issued under section 402 of the CWA, 33 U.S.C. § 1342.

Riverkeeper's complaint seeks declaratory and injunctive relief, the imposition of civil penalties, and an award of litigation expenses, including attorney and expert fees.

On January 26, 2021, DEQ issued Perennial a 1200-C NPDES Construction Stormwater Discharge—Permit No. 33921—("Permit") for certain discharges of stormwater associated with construction activities from the Site. The Permit requires Perennial to develop and implement an Erosion and Sediment Control Plan ("ESCP") that addresses stormwater control at the Site from initial soil disturbance through permit termination.

CONSENT DECREE – 2

Perennial and Riverkeeper (collectively, the "Parties") enter into this agreement based on Perennial's representation that it has since abandoned its plans to develop the Perennial Wind Chaser Station, has requested DEQ terminate its Permit for the project, and is in the process of terminating the EFSC Site Certificate.

The Parties stipulate that the Court has jurisdiction over the Parties and the subject matter of this action under section 505(a) of the CWA, 33 U.S.C. § 1365(a).

The Parties agree that settling this matter is in the best interest of the Parties and the public and that entering this Consent Decree without additional litigation is the most appropriate means of resolving this action.

The Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding the claims and allegations set forth in Riverkeeper's notice of intent to sue letter and complaint.

The signatories for the Parties certify that they are authorized by the party they represent to enter into these Stipulations and Consent Decrees.

COLUMBIA RIVERKEEPER

By: _____
Miles Johnson, Senior Attorney

KAMPMEIER & KNUTSEN, PLLC

By: _____
Emma Bruden, OSB No. 163525
Attorneys for Columbia Riverkeeper

PERENNIAL POWER HOLDINGS, INC. &
PERENNIAL-WINDCHASER, LLC

By: *William Cannon* _____
William Cannon, President of Perennial Power Holdings

MARTEN LAW, LLP

By: _____
Jeff B. Kray, OSB No. 051506
Marten Law, LLP
Attorneys for Perennial Power Holdings, Inc.
& Perennial-WindChaser, LLC

CONSENT DECREE – 3

## II. ORDER AND DECREE.

THIS MATTER came before the Court upon the foregoing Stipulations of the Parties and joint motion for entry of Consent Decree. Having considered the Stipulations and the terms and conditions set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the Parties and the subject matter of this action pursuant to section 505(a) of the CWA, 33 U.S.C. § 1365(a).

2. This Consent Decree shall inure to the benefit of, and be binding upon, the Parties and their successors, assigns, officials, agents, representatives, officers, directors, and employees. Changes in the organizational form or status of a party shall have no effect on the binding nature of this Consent Decree or its applicability.

3. This Consent Decree and any injunctive relief ordered within applies to Perennial's operations and/or oversight of the Site.

4. This Consent Decree is a full and complete settlement and release of all claims alleged in Riverkeeper's notice of intent to sue letter and complaint and all other claims known or unknown existing as of the date this Consent Decree is entered related to discharges of stormwater from the Site that could be asserted under the CWA against Perennial, its affiliates and its and their respective officers, directors, employees, shareholders, consultants, contractors, or agents. These claims are released and dismissed with prejudice.

5. This Consent Decree settles disputed alleged facts and law. It is not an admission or adjudication regarding any allegations by Riverkeeper in this case or of any fact or conclusion of law related to those allegations.

6. Perennial agrees to the following terms and conditions in full and complete satisfaction of all claims covered by this Consent Decree:

    a. Within three (3) days of submission to EFSC, Perennial shall provide Riverkeeper with a copy of its application to terminate the Site Certificate; and

    b. Within seven (7) days of issuance by the relevant agency, Perennial shall provide to Riverkeeper via email a copy of the Order or other instrument issued by EFSC to terminate the Site Certificate or the Order or other instrument issued by DEQ to terminate the Permit—whichever is issued first.

  7. In lieu of a penalty, Perennial shall make a payment in the amount of twenty-one thousand dollars ($21,000.00) to the Seeding Justice's Columbia River Restoration Fund for one or more projects to improve the water quality and/or aquatic habitat of the Columbia River basin. In awarding the funds to project applicants, the Seeding Justice will prioritize proposed projects that will benefit the water quality of the Columbia River and/or the Umatilla River in the vicinity of Hermiston and Umatilla, Oregon, and the Seeding Justice will not fund litigation or Clean Water Act enforcement projects nor fund projects that gather water quality data collected for the specific purpose of aiding litigation or Clean Water Act enforcement. A letter from the Seeding Justice agreeing to accept and distribute the funds according to the terms of the Consent Decree is attached hereto as Attachment A. Such payment shall be made within thirty (30) days of entry of this Consent Decree by the Court by check payable and mailed to Seeding Justice, P.O. Box 12489, Portland, Oregon 97212, and shall bear the notation "Columbia Riverkeeper v. Perennial Power Holdings, Inc. et al.; Clean Water Act Settlement," with a copy provided to Riverkeeper at the same time.

  8. Within thirty (30) days of entry of this Consent Decree, Perennial shall pay Riverkeeper's litigation expenses and costs, including attorney and expert fees, in the amount of $47,078.38 in full and complete satisfaction of any claims that Riverkeeper may have under the

CONSENT DECREE – 5

Clean Water Act for litigation expenses and costs, including attorney and expert fees. Such payment shall be made by check payable and mailed to Kampmeier & Knutsen, PLLC, 1300 S.E. Stark Street, Suite 202, Portland, Oregon 97214. Riverkeeper's above-signed counsel hereby certifies that the actual litigation expenses and costs, including attorney and expert fees, incurred in this matter equal or exceed $47,078.38.

9.  This Court retains jurisdiction over this matter and, while this Consent Decree remains in force, this case may be reopened without a filing fee so that the Parties may apply to the Court for any further order or relief that may be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree until it is terminated. A precondition to any application to the Court under this paragraph is that the Parties must first seek to resolve the dispute themselves as follows: (1) the party identifying or wishing to raise an issue or dispute must provide the other party a written notice detailing the nature of the issue or dispute; and (2) within thirty (30) days of receipt of such notice, the Parties shall meet and confer regarding the issue or dispute. If no resolution is reached at that meeting or within thirty (30) days of the written notice, whichever occurs first, either party may file a motion with this Court to resolve the dispute. In any action to enforce this Consent Decree, the Court shall apply the same standard applied by courts in awarding fees and costs under section 505(d) of the Clean Water Act, 33 U.S.C. 1365(d).

10. This agreement shall take effect upon entry of the Consent Decree by the Court.

11. The provisions of this Consent Decree shall terminate upon Perennial's compliance with the notification requirement in Paragraph 6.b (notifying Riverkeeper that the Site Certificate has been terminated by EFSC or that the Permit has been terminated by DEQ), and the payment obligation in Paragraph 7, and the payment obligation in Paragraph 8.

CONSENT DECREE – 6

12. All notices and communications regarding this Consent Decree shall be in writing and shall be fully given by sending the same via e-mail to the following addresses, or to such other addresses as the Parties may designate by written notice:

<u>For Columbia Riverkeeper:</u>

Columbia Riverkeeper
c/o Miles Johnson
Email: miles@columbiariverkeeper.org

Kampmeier & Knutsen, PLLC
c/o Emma Bruden
Email: emma@kampmeierknutsen.com

<u>For Perennial Power Holdings, Inc. & Perennial WindChaser LLC</u>:

Perennial Power Holdings, Inc.
c/o JJ Jamieson
Email: JJ.jamieson@perennialpower.net

With a copy (which shall not constitute notice) to:

Sumitomo Corporation of Americas
c/o William Cannon
Email: William.cannon@sumitomocorp.com

And to:

Marten Law
c/o Richard Allan
Email: rallan@martenlaw.com

13. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, written or verbal. This agreement may not be modified or amended except by a writing signed by both Parties and entered by the Court.

14. Each party acknowledges that it has sought and obtained the advice of its own independent legal counsel before executing this Consent Decree. The Parties acknowledge that they have had the opportunity to freely negotiate the terms of this Consent Decree.

15. If any term, covenant, or condition of this Consent Decree is held to be invalid or unenforceable in any respect, such invalidity or unenforceability shall not affect any other provision included in this Consent Decree, provided that such term, covenant, or condition does not materially change the benefits or burdens to be received or imposed on the Parties.

16. If for any reason the Court should decline to approve this proposed Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

17. The Parties recognize that, under 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act citizen suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA"). Therefore, upon the filing of this proposed Consent Decree by the Parties, Riverkeeper will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

DATED this 6th day of June, 2022.

_____
Honorable Andrew D. Hallman
United States Magistrate Judge

CONSENT DECREE – 8